JOHN REED & Co. et al. *v.* HAVILAND, HARRAL & Co. et al.

JUDGMENT: LIEN: CASE IN JUDGMENT.—Where several judgments are rendered against the same person on the same day, and are afterwards, within thirty days from the adjournment of the court, enrolled on the same day, in the order in which they were rendered, that judgment which was first entered and enrolled has a prior lien. See *Smith & Pickett* v. *Ship*, 1 How. 234.

ERROR to the Circuit Court of Newton county. Hon. John Watts, judge.

*T. J.* and *F. A. R. Wharton,* and *George L. Potter,* for plaintiffs in error.

*D. Shelton,* for defendants in error.

SMITH, C. J., delivered the opinion of the court.

This was a motion to direct the sheriff to apply certain moneys, in his hands, in satisfaction of executions in favor of Haviland, Harral & Risley, William Smith Brown, Ross & Leitte, Farman, Davis & Co., Bishop, and Morgan & Co., against one M. Carleton, in the order in which they appear on the judgment roll, which is the order in which they are here stated. Several other parties holding judgments against the same defendant, resisted the motion; and insisted, that the fund should be applied *pro rata* to all the executions. The court, however, overruled the objection, and ordered the money to be appropriated in payment of the said executions in the order in which they were entered on the judgment roll. To which order of the court exception was taken, and this writ of error prosecuted.

It appears that the judgments, in favor of the parties above named, were rendered in the Circuit Court of Newton, against the said defendant, Carleton, on the 11th day of October, 1858; and that those judgments were entered on the judgment roll in the order above stated. It appears, also, that judgments in favor of the plaintiffs in error, the parties who opposed the motion to apply the money, were rendered against Carleton, in the same court, on the said 11th day of October, 1858; and that said judgments were, likewise, enrolled on the 26th of October, 1858, but were entered on the judgment roll subsequently to those rendered in favor of the defendants in error.

No preference or prior right to the money is set up, arising from acts of superior diligence, by either party to the controversy. The record, therefore, presents the single question, whether or not, when judgments have been rendered against the same defendant in favor of different plaintiffs, on the same day and in the same court, and

when said judgments have been enrolled, in the order in which they were rendered, on the same day, the judgment or judgments first entered on the judgment-roll, are entitled to be first satisfied out of the money produced by a sale made under executions issuing upon all of the judgments? It is provided, by statute, that the clerks of the several circuit courts shall procure and keep in their respective offices one or more books, to be styled "the judgment-roll" of said court; and that "the said clerks shall, within thirty days after the adjournment of each term of the court, enrol all final judgments and decrees rendered at said term, in the order in which they were entered on the minutes, by entering on said judgment-roll, under the proper letter of the alphabet, the names of each and every defendant to said judgment or decree, the amount of such judgment or decree, the date of the rendition, the county in which rendered, the date of the enrolment, and the name of the plaintiff or plaintiffs." Rev. Code, 524, Art. 260.

And further, that " all judgments or decrees so enrolled, shall be a lien upon, and bind all the property of the defendant or defendants within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrolment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor or debtors, his, her, or their representatives, and purchasers or mortgagees from said judgment debtor or debtors," &c. Ib. Art. 261.

The Act of the 23d of February, 1824, declared that in all cases the property of the defendant should be bound and liable to any judgment that might be entered up "from the time of entering such judgment." Hutch. Dig. Art. 3, § 12, p. 881. According to the clear and manifest meaning of that act, the lien created by it was held to attach from the time of the rendition of the judgment; and for the purpose of determining the priority of liens, arising under it, this court laid down the rule, that it was proper to inquire into the fraction of a day. Accordingly, in *Smith & Pickett* v. *Ship*, 1 How. Miss. R. 234, where the judgments in favor of the parties claiming the money were both rendered on the same day, in the same court, and where both executions were equally instrumental in producing the money, it was held that the judgment first entered

as shown by the minutes of the court, became the first operative lien, and hence was entitled to be first satisfied.

The language of the act above quoted, is certainly not less distinct and unequivocal than that of the Act of 1824. It directs the clerks of the several circuit courts, within thirty days after the expiration of the time, to enrol all final judgments and decrees, rendered thereat "in the order in which they were entered on the minutes;" and declares that all judgments so enrolled shall be a lien from the time of their rendition; and that "they shall have priority according to the order of such enrolment."

The legislature is presumed to have been fully cognizant of the construction placed upon the Act of 1824. If, therefore, the legislature did not approve of the construction given to that act, but designed to establish equality, in respect to lien, between judgments and decrees rendered on the same day and enrolled on the same day without regard to the order in which they were entered upon the minutes or upon the judgment-roll, we may assert, with confidence, that different language would have been employed to indicate such intention; that a phraseology would not have been used which, unless the courts are. excluded, in deciding the question of lien, from noticing the fraction of a day, is susceptible of but one interpretation, which is that between judgments rendered on the same day, the judgment first entered on the minutes, and entered first on the judgment-roll, is entitled to be first satisfied.

Judgment affirmed.