HERRON, TAYLOR & CO. *v.* J. E. WALKER ET AL.

JUDGMENTS. . *Priority. Record evidence. Minutes conclusive.*

> Where several judgments against the same person are rendered on the same day, priority of lien exists in the order of rendition, and the entries on the minutes of the court are conclusive as to this, and cannot be affected by other evidence. *Smith* v. *Ship,* 1 How., 234; *Reed* v. *Haviland,* 38 Miss., 323.

FROM the circuit court of Pontotoc county.
HON. LOCK E. HOUSTON, Judge.

The opinion states the case.

*W. D. Anderson,* for appellants.

The court should have corrected the improper enrollment, placing appellants' judgment first on the roll. Their suit was first on the docket, and their judgment appeared first on the minutes of the court. Code 1880, § 1736.

Where several judgments are rendered on the same day, they take precedence, as a lien, according to their order on the minutes. The court erred in allowing testimony to show that the clerk did not enter the judgments on the minutes in the order in which they were in fact rendered. This was an effort to contradict the record by parol, which will not be permitted except in cases of fraud.

No counsel for appellees.

COOPER, J., delivered the opinion of the court.

The appellant made a motion in the court below for an order directing the sheriff of Pontotoc county to apply to the payment of a judgment theretofore recovered by him in the circuit court of said county against one J. E. Walker, certain

money in his hands made by execution sales of the property of the defendant. These sales were made under executions issued at the same time, delivered to him at the same time and levied at the same time upon the property of the defendants. On the hearing of this motion, it was shown to the court that, upon the issue-docket to the July term, 1891, the following suits were pending against the defendant, J. E. Walker, and appearing on said docket in the following order:

*Herron, Taylor & Co.* v. *J. E. Walker*—No. 5632.

*Memphis Grocery Co.* v. *J. E. Walker*—No. 5633.

*Brooks, Neely & Co.* v. *J. E. Walker*—No. 5636.

*Z. N. Estes & Co.* v. *J. E. Walker*—No. 5637.

The minutes of the court were then introduced, and by them it appeared that on the same day judgments were entered in the suits in favor of the plaintiffs in the order above named.

It was then proved that the clerk of the court failed to enroll the judgments within the time required by law, and that on the day on which the executions were issued, the attorneys for the respective plaintiffs met at the office of the circuit clerk, and, discovering that the judgments had not been enrolled, a controversy arose as to the priorities of the same. It was then agreed that executions should be sued out and placed in the hands of the sheriff, and that the clerk should enroll the judgments "with the understanding and agreement that should said enrollments not be in the order as they appeared on the minutes, then the clerk would be authorized to correct such enrollment so as to make the enrollment conform to the order as the cases appeared on the minutes." The clerk accordingly enrolled the judgments, but transposed their order so that they appeared as follows:

5636. *Brooks, Neely & Co.* v. *J. E. Walker.*

5637. *Z. N. Estes & Co.* v. *J. E. Walker.*

5632. *Herron, Taylor & Co.* v. *J. E. Walker.*

5633. *Memphis Grocery Co.* v. *J. E. Walker.*

Brooks, Neely & Co. and Z. N. Estes & Co. then introduced

certain witnesses, who, over the objection of Herron, Taylor & Co., were permitted to testify that, as matter of fact, the judgments in their suits were taken before that of Herron, Taylor & Co., or that of the Memphis Grocery Co.

On this evidence, the court directed the sheriff to pay over the money in his hands to Brooks, Neely & Co., and from that order Herron, Taylor & Co. appeal.

When two or more judgments are rendered on the same day, priority is given to them in the order of their rendition. *Biggam* v. *Merritt*, Walker, 430 ; *Smith* v. *Ship*, 1 How. (Miss.), 234 ; *Reed* v. *Haviland*, 38 Miss., 323.

The entry on the minutes is conclusive of the order of rendition ; and, being record evidence, cannot be controverted or controlled by other evidence. *Burney* v. *Boyett*, 1 How. (Miss.), 39 ; *Smith & Pickett* v. *Ship*, *Ib.*, 234.

The transposition made by the clerk, under the circumstances disclosed here, cannot affect the rights of the parties. It was agreed at the time by the attorney of Brooks, Neely & Co., that the enrollment, if erroneous, should be corrected by the minutes of the court.

The order of the court should have been, that the sheriff apply the funds to the judgments in the order of their entry as shown by the minutes, viz.:    (1) To that of Herron, Taylor & Co.; (2) to that of the Memphis Grocery Co.; (3) to that of Brooks, Neely & Co.

*The judgment is reversed, and judgment directed to be entered here. The costs of this court and those in the court below, on the motions, to be taxed against the appellees, Brooks, Neely & Co.*