DAVID BUCHANAN *vs.* SIMON REID.

April 24, 1890.

Mortgage—Foreclosure—Redemption by Junior Lienholder.—Rule in *Pamperin* v. *Scanlan*, 28 Minn. 345, and *Parke* v. *Hush*, 29 Minn. 434, that the holder of the purchaser's interest upon a foreclosure or execution sale, in order to tack a subsequent lien to it for the purposes of redemption, must place himself in the line of redemptioners with respect to such subsequent lien, by complying with the statute, followed.

Same—Lienholding Creditor—Purchaser at Sale under Junior Mortgage.—The purchaser at the foreclosure of a junior mortgage may, within the year from the foreclosure sale, redeem from the foreclosure of a prior mortgage as "a creditor having a lien."

Appeal by plaintiff from a judgment of the district court for Polk county, where the action was tried by *Mills*, J.

*White & Hewit*, for appellant.

*Pierce & Cromb* and *P. C. Schmidt*, for respondent.

GILFILLAN, C. J. At the times of executing the several mortgages hereinafter mentioned, one Peter Borden was the owner of the real estate in this action involved. July 19, 1882, he executed a mortgage on the property, with a power of sale, to the trustees of Beloit College, which mortgage was duly recorded July 20, 1882. February 25, 1887, this mortgage was duly foreclosed under the power, and the trustees became the purchasers at the sale. The certificate of sale was recorded the same day. February 18, 1888, the trustees assigned the certificate to plaintiff, and the assignment was recorded February 29, 1888. May 23, 1885, Borden executed a mortgage on

the same property to one Sweet, which was recorded June 2, 1885. Afterwards Sweet assigned this mortgage to plaintiff, and the assignment was recorded January 28, 1886. December 28, 1885, Borden executed to the plaintiff a mortgage, with a power of sale, on the same property, which was recorded December 31, 1885. Afterwards plaintiff duly assigned this mortgage to defendant, and the assignment was recorded June 27, 1887. August 16, 1887, defendant foreclosed this mortgage under the power, and at the sale became the purchaser, bidding in the property at the full amount of the debt secured by the mortgage. The certificate of sale was recorded August 23, 1887. Plaintiff did not attempt to redeem from the foreclosure of the first mortgage, nor file any notice of intention so to do. February 24, 1888, defendant filed notice of intention to redeem from said foreclosure, and within the proper time made redemption, paying to the sheriff the amount required for redemption from that foreclosure, if he was not required to pay the second mortgage then held by plaintiff, but on account of which he did not pay anything. The sheriff executed to defendant the usual certificate of redemption, which was recorded February 28, 1888. The action is brought to have the redemption declared null, and the certificate cancelled. The court below rendered judgment for the defendant.

The appellant's propositions in regard to the redemption may be reduced to these two: *First.* If the defendant's right of redemption was that of a creditor having a lien, he could not make redemption without paying the amount of the second mortgage then held by plaintiff, who also then owned the right of the purchaser on the foreclosure of the first mortgage. *Second.* But, as defendant's debt was extinguished by the foreclosure of the mortgage held by him, at which the property was bid in for the whole amount of the debt, he was not a "creditor having a lien," and could not redeem as such; and, if regarded as an "assign" of the mortgagor for the purpose of redemption, he could redeem only within the year, and redemption by him would merely annul the sale from which he redeemed.

The first of these propositions is disposed of by the decision in *Pamperin* v. *Scanlan,* 28 Minn. 345, (9 N. W. Rep. 868,) followed in *Parke* v. *Hush,* 29 Minn. 434, (13 N. W. Rep. 668,) in which it was

held that the holder of the purchaser's interest at a foreclosure or execution sale, in order to tack a subsequent lien to it for the purposes of redemption, must place himself in the line of redemptioners with respect to such subsequent lien, by complying with the statute. Those decisions have stood so long without question that they must now be regarded as establishing a "rule of property," and they ought to be adhered to.

The other proposition presents a question not free from doubt, to wit, to which class of persons entitled to redeem, "assigns" or "creditors having liens," does the purchaser at the foreclosure of a junior mortgage belong? In *Cuilerier* v. *Brunelle*, 37 Minn. 71, (33 N. W. Rep. 123,) it was held that within the meaning of those sections of the statute giving the right to redeem, and prescribing how and when redemption may be made, the mortgagee in a junior mortgage, not foreclosed, is not an "assign," but is a creditor having a lien. The *status*, in respect to this, of the purchaser under a foreclosed junior mortgage, before the title under the foreclosure has passed to him, has never been decided. The matter was before the court, but not decided, in *Tinkcom* v. *Lewis*, 21 Minn. 132. In the opinion in that case, Mr. Justice Young recognizes the difficulty of considering the purchaser as a creditor, but says: "On the other hand, there are equal, if not greater, difficulties in the way of holding that during the year following the sale such purchaser is an ' assign ' of the mortgagor, within the meaning of section 13."

When we have in view the general purpose of the statute giving and regulating the right of redemption,—to wit, to enable all who have interests or claims which may be cut off by a foreclosure or execution sale to save their interests or claims, so far as they may without impairing the rights of those in whose behalf such sale was made, or who purchased at such sale, it must be held that the foreclosure of a subsequent lien does not take from it the right of redemption. In the case of a junior mortgage the purchaser at the foreclosure of it is in some sense, until the mortgagor's title passes to him by expiration of the time for redemption, the successor of the mortgagee. It is true his right and interest is different in some respects from that of the mortgagee. But is the difference such as

to transfer the right (as concerns the purpose of redemption) from the class in which the mortgagee belonged before foreclosure to another class, that of "assigns?" The title of the mortgagor does not pass by the foreclosure till his right of redemption expires. Gen. St. 1878, c. 81, § 12; *Daniels* v. *Smith,* 4 Minn. 117, (172;) *Donnelly* v. *Simonton,* 7 Minn. 110, (167;) *Horton* v. *Maffitt,* 14 Minn. 216, (289;) *Standish* v. *Vosberg,* 27 Minn. 175, (6 N. W. Rep. 489.) The foreclosure sale attaches this condition to his title, that it will pass at the end of a year from the sale unless he, his heirs, administrators, or assigns redeem. The court in *Whitney* v. *Huntington,* 34 Minn. 458, (26 N. W. Rep. 631,) in speaking of the right of a purchaser at an execution sale pending the time for redemption, purposely and carefully refrained from giving it a designation or description. In *Lindley* v. *Crombie,* 31 Minn. 232, (17 N. W. Rep. 372,) it is spoken of as a right to have the title vest by lapse of time if not prevented by redemption. The lien of the mortgage is not extinguished until it merges in the legal estate when that passes by lapse of time. It has passed indeed to the purchaser, that is to the amount of the purchase price, so that if he go into possession under the foreclosure, even though it be invalid, he is regarded as a mortgagee in possession. *Martin* v. *Fridley,* 23 Minn. 13; *Johnson* v. *Sandhoff,* 30 Minn. 197, (14 N. W. Rep. 889.)

That the purchaser has a lien for the purchase price does not remove the difficulty the court found in *Tinkcom* v. *Lewis* in holding him a creditor having a lien. In that opinion it is said "for the mortgage debt was satisfied by the sale, and the purchaser at a mortgage sale does not become a creditor of the mortgagor in the usual sense of the term." We think however on reflection that the term "creditor" as used in the statute ought not to be construed as having the limited sense of a personal creditor. There may be a creditor so far as concerns the land alone, without the personal relation of debtor and creditor in the ordinary sense existing. Thus a mortgage might be given without any personal liability, any liability beyond the land, any right in the creditor of recourse except to the land; or a mortgage might secure the debt of a third person. In such case the mortgagee would not be a creditor of the mortgagor in the usual sense of

the word. Yet there could be no doubt that he would have the right of redemption as a creditor having a lien, within the meaning of the statute. Construing the term "creditor," as used in the statute, as including one having a right of recourse to the land for satisfaction of his claim or demand, though he may have no personal claim against the mortgagor, we think the purchaser at a mortgage foreclosure sale comes within the class of redemptioners, "creditors having liens." Those words may not accurately describe his relation to the land, but they come more nearly doing so than the word "assigns." We hold, therefore, that defendant's redemption was valid, and that by it he acquired the title passing under the foreclosure of the first mortgage.

Judgment affirmed.

MITCHELL, J. While I adhere to the views expressed by me in *Parke* v. *Hush, supra,* I concur in the result upon the ground that when defendant made redemption, the assignment from the trustees of Beloit College to plaintiff was not on record.