## WILLIAM RITCHIE *vs.* JAMES H. EGE *et al.*

Argued July 11, 1894.   Affirmed July 19, 1894.

No. 8892.

**Tender in bank notes on redemption of land from sale on Execution.**

Where a subsequent creditor, in taking the proper steps to redeem from an execution sale, tenders to the sheriff the amount of currency necessary to make the redemption, a part of which is national bank notes and silver certificates, and the sheriff refuses to accept the tender, without objecting to the character of the currency offered, *held* that, as to himself and the holder of the certificate, he thereby waives the objection that the currency offered is not legal tender.

**Presentation by subsequent creditor of his second certificate of sale is sufficient.**

Where such a redemption is made under a sheriff's certificate of execution sale on a subsequent judgment, the time to redeem from which has not yet expired, *held*, it is sufficient to produce to the sheriff, on such redemption, the certificate properly executed and recorded, without producing certified copies of the judgment, docket thereof, and execution on which the sale is made, when all of the same are properly recited in such certificate.

**Certificate holder cannot tack subsequent liens.**

*Parke* v. *Hush*, 29 Minn. 434, and other cases, followed to the effect that the purchaser at an execution sale cannot tack thereto subsequent liens held by him, so as to compel the holder of a lien subsequent to his to pay them in redeeming from the execution sale, unless such purchaser puts himself in the line of redemptioners, by filing notice of intention to redeem from his own sale under his subsequent liens, and files at the proper time affidavits of the amount due on his subsequent liens, but *held*, in such case, it is not necessary for such purchaser to pay to himself the amount necessary to redeem from himself, or issue to himself any certificate of redemption, and he need not redeem from himself, through the sheriff.

**Action to redeem if certificate holder refuses to allow it.**

When a subsequent creditor, in taking the proper steps to redeem from an execution sale on a prior judgment, tenders to the sheriff the amount necessary to redeem, which is refused, *held*, he can maintain an action to redeem without paying the same into court, if he keeps the tender good, and is ready and willing to pay the same into court when ordered by the court to do so.

**Defective complaint cured by the answer.**

> Where such action is brought against the holder of the sheriff's certificate, and the complaint does not allege that he caused the sheriff to refuse the tender, or refused to permit the redemption to be made, *held*, if for this reason the complaint is defective, such defect is cured by the answer, which denies plaintiff's right to redeem.

Appeal by defendants, James H. Ege and Andrew J. Finnegan, from a judgment of the District Court of Hennepin County, *Robert Jamison*, J., entered March 1, 1894.

Defendant, Andrew J. Finnegan, obtained judgment November 27, 1889, in the District Court of Hennepin County against William N. Read for $109.75. It was docketed, execution issued and a house and lot in Brown & Jackin's Addition in Minneapolis owned by Read sold thereunder July 5, 1892, to Finnegan for $163.32 and he received the sheriff's certificate. The plaintiff, William Ritchie, recovered judgment in the same court April 19, 1892, against Read for $9,409.77. It also was docketed, execution issued and the same lot sold thereunder October 3, 1892, to plaintiff for $8,000 and a certificate of the sale issued to him by the sheriff. On July 5, 1893, plaintiff filed notice in the office of the clerk of that court that he intended to redeem the property from the sale to Finnegan. It was the only notice so filed. Defendant, James H. Ege, was then sheriff of that county. On July 10, 1893, plaintiff tendered to James A. Kennedy, a deputy of defendant Ege in charge of his office, $176.75 current funds including bank notes and silver certificates and produced his certificate of sale and an affidavit of the amount due thereon and of filing his notice, and demanded a certificate of redemption from the sale to Finnegan. The deputy refused to receive the money and to give the certificate, but made no objection to the currency. Plaintiff filed his redemption papers with the Register of Deeds, kept his tender good, and brought this action to redeem.

Darvini Vadnais and Peter G. Williams recovered judgment December 10, 1889, against Read for $279.71. J. N. Bowen also recovered judgment January 9, 1890, against Read for $184.75. Both were duly docketed and assigned to Finnegan, and he filed notice in the Registry of Deeds under each, of his intention to redeem from himself. He did so redeem on July 8, 1893, and received from the

Sheriff, defendant Ege, a certificate of such redemption. On these facts the trial court held Finnegan's certificate of redemption invalid and that plaintiff's attempted redemption was sufficient, and ordered judgment accordingly. It was so entered and defendants appeal.

*Savage & Purdy,* for appellants.

The plaintiff could not maintain this action without bringing the money into court and depositing it with the clerk. In his complaint he professed to do so, but the evidence shows that he did not. *Schroeder* v. *Lahrman,* 28 Minn. 75. Neither *Moore* v. *Norman,* 43 Minn. 428, nor *Abraham* v. *Holloway,* 41 Minn. 156, is in point. *Werner* v. *Tuch,* 127 N. Y. 217.

A tender in bank bills which are at par is good if the person to whom the tender is made does not object to the tender on that account. But when the party is not present and has no opportunity to urge the objection, he cannot be presumed to have waived it by his silence. *Sloan* v. *Petrie,* 16 Ill. 262; *Ball* v. *Stanley,* 5 Yerg. 199; *Ventres* v. *Cobb,* 105 Ill. 33; *Warren* v. *Mains,* 7 Johns. 476; *Wheeler* v. *Knaggs,* 8 Ohio 169; *Brown* v. *Simons,* 44 N. H. 475; *Gradle* v. *Warner,* 140 Ill. 123; *Walsh* v. *St. Louis E. & M. H. Ass'n,* 101 Mo. 534.

The sheriff is not the agent of the purchaser in this business. *Tinkcom* v. *Lewis,* 21 Minn. 132; *Bank of Vergennes* v. *Warren,* 7 Hill 91; *Davis* v. *Seymour,* 16 Minn. 210; *Horton* v. *Maffitt,* 14 Minn. 289; *Bovey D. L. L. Co.* v. *Tucker,* 48 Minn. 223; *Ex parte Board,* 4 Cow. 420; *Ex parte Becker,* 4 Hill 613; *Boyd* v. *Olvey,* 82 Ind. 294; *Buford* v. *Henzier,* 8 Biss. 177; *Carter* v. *Lewis,* 27 Mich. 241.

The evidence required by the statute was not produced. The only evidence of a lien exhibited was the sheriff's certificate of sale upon execution. *Todd* v. *Johnson,* 50 Minn. 310.

The plaintiff could only redeem by paying the other judgments prior to his own held by defendant. The facts present the same question as the cases of *Parke* v. *Hush,* 29 Minn. 434, and *Buchanan* v. *Reid,* 43 Minn. 172. We ask a reconsideration of that question. The language of the statute is, that the judgment debtor may redeem by paying to the purchaser the amount of his bid with inter-

est. The senior creditor may redeem by paying the amount aforesaid, and all liens prior to his own held by the party from whom such redemption is made. *Warren* v. *Fish*, 7 Minn. 432.

*George P. Douglass*, and *Ripley, Brennan & Booth*, for respondent.

It was not necessary for the respondent to bring the money tendered into court and deposit it with the clerk. His failure to do so in no way prejudiced his rights. He kept his tender good and that was sufficient. This is an equitable action and the law is well established by a long line of decisions that in equity the plaintiff is not obliged to pay the money into court where the payment of money is the foundation of his cause. He need only plead and prove his readiness to pay. *Hayward* v. *Munger*, 14 Ia. 516; *Breitenbach* v. *Turner*, 18 Wis. 140; *Livingston County* v. *Henneberry*, 41 Ill. 180; *Webster* v. *French*, 11 Ill. 254; *Jones* v. *Hodsack*, 42 Ia. 147; *Taylor* v. *Ormsby*, 66 Ia. 109; *Bailey* v. *Metcalf*, 6 N. H. 156; *Abraham* v. *Holloway*, 41 Minn. 156; *Minneapolis, St. P. & S. Ste. M. Ry. Co.* v. *Chisholm*, 55 Minn. 374.

A tender in bank notes is good unless objected to on the ground that they are not legal tender. *Fosdick* v. *Van Husan*, 21 Mich. 567; *Koehler* v. *Buhl*, 94 Mich. 496; *Nopson* v. *Horton*, 20 Minn. 268; *Sardeson* v. *Menage*, 41 Minn. 314.

The plaintiff produced to the sheriff the sheriff's certificate of sale executed and delivered to him by the Sheriff of Hennepin County upon the sale under an execution issued upon his judgment. This certificate was *prima facie* evidence of the judgment and the execution under which the sale was made. *Tinkcom* v. *Lewis*, 21 Minn. 132.

He was not required to pay other judgments held by Finnegan where no notice of intention to redeem under them was filed. *Parke* v. *Hush*, 29 Minn. 434; *Pamperin* v. *Scanlan*, 28 Minn. 345. These decisions have become a rule of real estate law in this state.

CANTY, J. The defendant Finnegan held a judgment against the owner of the land in question, and sold it on execution issued on said judgment. The time to redeem from the sale expired July 5, 1893, but no redemption was made by the owner. Before that time

Finnegan became the owner of two subsequent judgments against this same judgment debtor; and the plaintiff held a judgment subsequent to both of these, on which he had caused the premises to be sold to himself on execution sale. Finnegan attempted to redeem through the sheriff from his own sale under each of his subsequent judgments, but filed his notice of intention to redeem in the office of register of deeds, instead of filing it in the office of the clerk of the court in which the judgment was entered on which the sale was made, as provided in 1878 G. S. ch. 66, § 324.

The plaintiff duly filed his notice of intention to redeem in the clerk's office, and, disregarding Finnegan's attempts to redeem from himself, attempted to redeem from Finnegan's execution sale without paying his two subsequent judgments, by tendering to the sheriff merely the amount bid at that sale, and interest. The sheriff refused to accept this, apparently on the ground that Finnegan had already redeemed from that sale under his subsequent judgments, and that plaintiff must pay the amount of these judgments, in addition to the amount so tendered, before he was entitled to redeem. Thereupon, plaintiff brought this action against both the sheriff and Finnegan to compel redemption, and obtained judgment, from which the defendant Finnegan appeals.

It is conceded by appellant that the attempt to redeem was ineffectual, because of his failure to file his notice of intention to redeem in the proper office.

1. It is urged by appellant that the tender to the sheriff was ineffectual because not made in legal tender. The deputy sheriff to whom the tender was made testified that, according to his recollection, a part of the money tendered was national bank notes and silver certificates. Plaintiff's agent, who made the tender, testified that the money was currency which he had just received from the bank.

The deputy sheriff made no objection to this currency on the ground that it was not legal tender, and in our opinion, by his failure to do so, the objection is waived, both as to him and appellant. The tender was made in current funds, that pass without question, in all channels of trade and business. The objection is wholly technical, and if not specially made, it is waived. In *Nopson* v. *Horton*, 20 Minn. 268 (Gil. 239), it was held that in such a case, by ac-

cepting such currency, the sheriff waived such objection, not only as to himself, but also as to the person from whom the redemption was made. It seems to us that the waiver is just as effective when the sheriff refuses to accept the currency without putting his refusal on any such ground.

2. The only evidence produced by plaintiff to the sheriff of his right to redeem was the sheriff's certificate of the execution sale under his own judgment, on which the time to redeem had not yet expired.

It is urged by the appellant that he should also have produced certified copies of the judgment, the docket thereof, and the execution. 1878, G. S. ch. 66, § 325, provides that the person making the redemption shall produce to the officer—"First. A certified copy of the docket of the judgment, or deed of conveyance, or mortgage, or of the record or files evidencing any other lien, under which he claims the right to redeem, certified by the officer in whose custody such docket, record or file shall be." Section 321 provides what facts a sheriff's certificate of execution sale shall state, and that it shall be *prima facie* evidence of the facts therein stated. The sheriff's certificate on plaintiff's execution sale recites the entry and docketing of the judgment, and the issuance of execution. Although plaintiff's claim was as yet only a lien, and he derived this lien through the judgment, the judgment itself was not his lien, but his lien had been transferred to the sheriff's certificate. Under the statute the sheriff's certificate not only proves itself, but it also proves the judgment and other proceedings recited in it, as aforesaid. On making a redemption the original may be so produced, as well as a certified copy. *Tinkcom* v. *Lewis*, 21 Minn. 132.

We are of the opinion that it was not necessary to produce the judgment, or docket thereof, or execution. The certificate, taken alone, evidenced the lien.

3. Appellant urges that under 1878, G. S. ch. 66, § 324 the plaintiff could not redeem without paying the amount bid on appellant's execution sale, and interest, and also the amount of appellant's two subsequent judgments; that conceding that appellant has failed to put himself in the line of redemptioners, by filing notice to redeem in the proper office, the statute does not require him to do so, but that said section 324 requires the plaintiff, on redeeming, besides pay-

ing said amount so bid, and interest, to pay also "all liens prior to his own, held by the party from whom such redemption is made;" and that the cases of *Pamperin* v. *Scanlan*, 28 Minn. 345, (9 N. W. 868;) *Parke* v. *Hush*, 29 Minn. 434, (13 N. W. 668;) and *Buchanan* v. *Reid*, 43 Minn. 172, (45 N. W. 11,)—holding the contrary doctrine, should be overruled. Whatever we might do if it was a new question, we are not now inclined to disturb the authority of those cases, any further than to say that we are of the opinion that the creditor holding such certificate of execution sale, and other liens subsequent thereto, but prior to the lien of the other parties, may put himself in the line of redemptioners by filing in the proper office a notice of intention to redeem from his own execution sale, and by filing at the proper time an affidavit of the amount due on each of his subsequent liens; and this will amount to a constructive redemption, thereby applying the property so redeemed to the payment of his subsequent liens, and also giving notice to subsequent lien holders of his rights, and his action on these rights. But we are of the opinion that it is not necessary for such creditor redeeming from himself to go through the idle ceremony of paying money to himself, or issuing to himself any certificate of redemption. This is equally true whether he redeems from himself directly, or from himself through the sheriff.

Such idle ceremony is not warranted either by the letter or the spirit of the statute. His acts must be such as to commit him unequivocally to such constructive redemption, so that the number and priority of his subsequent liens to be thus applied, and the number of five-day periods which they will cover after the year has expired, can be ascertained by subsequent creditors, and so that the debtor may know that the holder of the sheriff's certificate has thus applied his subsequent liens, whether other subsequent creditors redeem or not. The appellant has not thus put himself in the line of redemptioners. He has failed to file his notice in the proper office.

4. The complaint alleges the tender by plaintiff to the sheriff, and that plaintiff has ever since been ready and willing to redeem, and tenders the amount in the complaint. The court finds that the tender was made, and that plaintiff has kept the tender good, and there is sufficient evidence to support the finding. The order for judgment provides that upon payment of the amount so tendered to Finnegan, or into court for him, plaintiff is entitled to judgment, etc. The judg-

ment recites that the amount so tendered was paid into court on a date three days prior to the entry of judgment. It is argued by appellant that plaintiff could not maintain his action without bringing the money into court when the action was commenced. We are not of that opinion, but are of the opinion that the course taken was sufficient to maintain the action and support the judgment.

5. It is argued that the complaint does not charge that appellant caused the sheriff to refuse the tender, or refused to permit the redemption which plaintiff attempted to make. If the complaint is defective in this respect,—which we do not decide,—the answer cures it by showing that appellant, as well as the sheriff, denies plaintiff's right to redeem.

The judgment appealed from should be affirmed. So ordered.

BUCK, J., took no part.

(Opinion published 59 N. W. 1020.)