GEORGE C. BAGLEY v. McCARTHY BROTHERS COMPANY.[1]

June 23, 1905.

Nos. 14,342—(165).

**Foreclosure—Redemption by Judgment Creditor.**

Transcripts of two judgments in the municipal court of Duluth were filed at the same instant of time in the district court of St. Louis county. The larger judgment appeared first in the subsequent docket. Land was sold upon execution sale thereon. Afterwards the holder of a first and second mortgage, both prior in lien to both judgments, foreclosed his first mortgage on the same land. The judgment creditor gave notice of intention to redeem from the mortgage foreclosure sale under both judgments after the expiration of the period of redemption from the execution sale, and before the expiration of such period as to the mortgage foreclosure sale. No notice of intention to redeem was given by the second mortgagee as to the mortgage foreclosure sale, or by the judgment creditor under his smaller judgment, to redeem from the execution under the larger judgment.

*Held*: (1) The judgment creditor was not entitled to redeem from the mortgage foreclosure sale under the larger judgment because his notice of intention was given as a judgment creditor, although upon the expiration of the period of redemption from the execution sale he became an owner.

(2) The judgment creditor was not entitled to redeem from the mortgage foreclosure sale because (a) the lien of the smaller judgment, docketed last, could not possibly have been anterior to the larger judgment,

1 Reported in 104 N. W. 7.

upon which a levy and sale had been made; (b) if the larger judgment was prior to that of the smaller, the lien of the latter was lost by failure to give notice of intention to redeem from the execution sale; (c) and, if the liens were concurrent, the lien of the smaller judgment was merged in the title derived from the execution sale.

Action in the district court for St. Louis county to set aside a sheriff's certificate of redemption from a mortgage foreclosure sale and to determine the adverse claims of defendant thereunder to the land therein described. The case was tried before Dibell, J., who found in favor of defendant. From a judgment entered pursuant to the find-. ings, plaintiff appealed. Reversed and judgment ordered for plaintiff.

*A. B. Jackson,* for appellant.

*H. R. Spencer,* for respondent.

JAGGARD, J.

The plaintiff and appellant was the assignee of a first mortgage of $1,500, and of a second mortgage of $2,500, on the premises here involved. The defendant and respondent was the owner of two judgments—one for $479.23, the other for $109.49—both subsequent in lien to both mortgages. These judgments were originally recovered in the municipal court of Duluth, and transcripts of both were at the same instant of time handed to the clerk of the district court of St. Louis county, and were docketed by him one after the other—the larger as No. 18,113, the smaller as No. 18,114. The larger was docketed first, but both were entered as of the same date and hour. On April 21, 1903, executions were issued on both judgments. Levy was made under the larger execution on the mortgaged property. The property was sold to defendant (the judgment creditor) on June 9, 1903, for $533.62. The execution was returned the same day, "Satisfied in full," and the docket entry made, "Satisfied by execution." The execution on the smaller judgment was returned wholly unsatisfied. On August 31, 1903, the plaintiff's first mortgage was foreclosed, and the mortgaged property bid in by plaintiff for $1,983.13. On August 31, 1904, defendant filed a notice of intention to redeem from the foreclosure sale as "a judgment creditor." In its final form this notice claimed the right to redeem as a judgment creditor both under the smaller judgment, and also under

the execution sale under the larger judgment. There was some question as to the correctness of the descriptions of these judgments in this notice, but the doubts may for present purposes fairly be resolved in favor of the judgment creditor. In due time he delivered to the sheriff such papers and money as would entitle him to redeem if he was in law entitled to cut out the second mortgage. Plaintiff refused to receive the money tendered. The sheriff gave defendant a certificate of redemption. The plaintiff brought this action to have said attempted. redemption declared illegal and ineffectual, and the certificate of redemption declared void and set aside. The court duly made and filed findings of fact and conclusions of law, and directed judgment for the defendant. From the judgment thereon entered the plaintiff took this appeal.

1. The judgment creditor cannot redeem under the notice with respect to the larger judgment. It is obvious that at the end of the period of redemption from the execution sale a title, as distinguished from a lien, vested in the judgment creditor, subject, of course, to the possibility of being divested by foreclosure of the lien of the prior mortgages. No notice of intention to redeem on the part of the judgment creditor or of any other lienholder served to prolong the period of redemption, or to prevent the maturity of an estate in the land. If the judgment creditor sought to redeem from the subsequent foreclosure sale of a mortgage prior in lien, it must have been as an owner, and not as a lienholder. The notice in this case was to redeem as a lienholder, and not as an owner.

2. The judgment creditor cannot redeem under the small judgment. In no view of this case could it be held that the lien of the smaller judgment is prior to the lien of the larger judgment. Both were filed at the same time. If either had priority by docketing, it was the larger judgment. Lemon v. Heirs of Staats, 1 Cow. 592; Biggam v. Merritt, Walker (Miss.) 430; Herron v. Walker, 69 Miss. 707, 12 South. 259; German v. Campbell, 99 Ala. 249, 12 South. 436. If either acquired any superiority by virtue of levy thereunder, it was the larger judgment. Smith v. Lind, 29 Ill. 24; Huntington v. Jewett, 25 Iowa, 249; Lippincott v. Wilson, 40 Iowa, 425; Wilson v. Baker, 52 Iowa, 423, 3 N. W. 481; Cook v. Dillon, 9 Iowa, 407; Waterman v. Haskin, 11 Johns. *228.

If the lien of the larger judgment was prior to the lien of the smaller judgment, as the mortgagee contends, the judgment creditor was not entitled to redeem. He failed to "join the ranks of the redemptioners." To enable the holder of a second mortgage to preserve his lien under such security, he must have filed his notice of intention to redeem from his foreclosure sale under the first mortgage. Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 868; Parke v. Hush, 29 Minn. 434, 13 N. W. 668; Buchanan v. Reid, 43 Minn. 172, 45 N. W. 11; Sprandel v. Houde, 54 Minn. 308, 56 N. W. 34; Ritchie v. Ege, 58 Minn. 291, 59 N. W. 974. Correspondingly, to preserve the lien of the later judgment after the expiration of the period of redemption from the execution sale under the prior judgment, the judgment creditor must have filed notice of his intention to redeem from that sale. The only other possible hypothesis is that the liens of the two judgments were concurrent. This, as the trial court held, would seem to be the proper view. Under the Duluth municipal court act (Sp. Laws 1891, p. 606, c. 53, § 47), and under the general municipal court act (Laws 1895, p. 585, c. 229, § 30), the lien of such a judgment dates from the time of filing a transcript. Here both transcripts were filed at the same instant of time. It is not, however, necessary to here determine this controversy.

If the liens were concurrent, the right of the judgment creditor to redeem is cut off, not by force of the statute as to liens of municipal judgments, but because of the application to the facts of this case of the doctrine of merger.

That familiar doctrine in law and in equity, respectively, is well stated in 5 Words & Phrases, 4492: "A merger, at law, is defined to be where a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate. The less estate is immediately annihilated, or, in the law phrase, is said to be merged—that is, sunk or drowned—in the greater. * * * The rule in equity is the same as at law, with this modification: That at law it is invariable and inflexible; in equity it is controlled by the expressed or implied intention of the party in whom the interest or estates unite." It would seem that the equitable doctrine preventing merger with respect to an estate and an incumbrance is even stronger and more readily applied than in case of two estates. 2 Pomeroy, Eq. Jur. (3d Ed.) § 789. Ordinarily, however,

95 M.—19

legal and not equitable rules apply. Equity interferes only when such circumstances are shown to exist as properly appeal to the discretion of a chancellor. A "merger takes place in equity in the absence of acts showing an intention to prevent it as certainly and as directly as at the law." 2 Pomeroy, Eq. Jur. (3d Ed.) § 788. "Whatever may be the circumstances, or between whatever parties, equity will never allow a merger to be prevented, and a mortgage or other security to be kept alive, when this result would aid in carrying a fraud or other unconscientious wrong into effect under the color of legal forms. Equity only interposes to prevent a merger in order thereby to work substantial justice." 2 Pomeroy, Eq. Jur. (3d Ed.) § 795. That is to say, there are two classes of cases: (1) Where there is an extinguishment of the incumbrance; and (2) where intervening equities prevent the extinguishment. Mr. Charles Miehling, in 26 Alb. L. J. 506, 507.

The question here to be determined is in which class is the case at bar to be placed. The principal if not the only consideration which invokes the powers of a court of equity in this connection is the intention of the parties, express or implied. It has been stated somewhat broadly that in cases of redemption under the statute "the intention of the party does not enter into account." Gilfillan, C. J., in Lowry v. Akers, 50 Minn. 508, 514, 52 N. W. 922. While this statement may be somewhat absolute, it is without question true that "the doctrine of merger is a flexible, equitable doctrine. Each case depends on its own circumstances." Canty, J., in Connecticut Mut. Life Ins. Co. v. King, 72 Minn. 287, 75 N. W. 376.

In the two cases last referred to this court held that, upon their own peculiar circumstances, the equitable doctrine of merger applied. No similar facts are presented by the case at bar. There being no intention implied, and no actual intention having been shown, in the absence of other circumstances affirmatively entitling the defendant to equitable interference, the rules of law govern, and the lien of the later judgment is extinguished in the title derived from the execution sale. On the one hand, the defendant argues that equity favors redemption. On the other hand, plaintiff insists that the policy of the law inclines to make the debtor's property go as far as possible toward paying his debts, and that such policy can be carried into effect here only by treating the first judgment as satisfied by the execution sale, the second mortgage as

eliminated by failure to give notice to redeem, and the second judgment as the only outstanding and unpaid indebtedness.

It is not, however, necessary to here determine the merits of these contentions. The judgment creditor's conduct is consistent with an intention on his part to unite his claims under both judgments. When he announces, as he does here, an intention not to merge these claims, it is natural to inquire what he has done to manifest such an intention. The answer must be that he has done nothing. He has not availed himself of the easy, direct, and certain method of effectuating a desire to keep separate his estate and his incumbrance which the statute expressly provides in such cases, namely, by giving notice of intention to redeem from the execution sale. The courts impose no hardship by requiring him to give such notice in order to avoid the application to his case of ordinary legal rules. They would, indeed, do a manifest injustice if they based gratuitous relief upon his own failure to protect himself. Neither reason nor authority has been adduced which would justify the court in discriminating in favor of the second judgment and against the second mortgage. No sufficient occasion for equitable interference is shown. Left to legal rules, the rights of the judgment creditor under his smaller judgment are merged in the execution sale made under the larger judgment. He is not entitled to redeem. The attempted redemption should be declared illegal.

Accordingly the judgment is reversed and the case remanded, with direction to the district court to amend its conclusions of law so as to direct judgment for the plaintiff.