## ROYAL C. MOORE v. FREDERICK C. PENNEY AND ANOTHER.[1]

January 24, 1919.

No. 21,065.

**Mortgage — redemption by creditor from foreclosure.**

1. The right of a creditor to redeem from a foreclosure sale is purely statutory, and the redemption can be effected only by complying with the requirements of the statute.

**Same — redemption by junior creditor from himself.**

2. To preserve any rights under a junior lien, the junior creditor must redeem thereunder from the senior creditor who made the redemption next prior in time, even if he himself be such senior creditor.

**Same — discharge of senior lien.**

3. If such senior creditor also holds the junior lien next in line, he may redeem thereunder from himself as senior creditor by filing the necessary proofs of such redemption, without going through the useless form of paying money to himself; but such redemption operates to satisfy and discharge the debt secured by the senior lien, for the reason that under the statute no redemption can be made without paying such debt.

Action in the district court for Hennepin county to recover $3,350 upon certain promissory notes. The answer alleged that the notes and the mortgages securing them were void because of usury and demanded that the notes be canceled. The case was tried before Dickinson, J., and a jury which returned a verdict for $2,783.65. From an order granting defendants' motion for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 170 N. W. 599.

*L. E. Stetler,* for appellant.
*Albee Smith* and *Frank M. Nye,* for respondents.

TAYLOR, C.

Defendant owned a tract of land in Hennepin county on which he had given a first mortgage of $1,600, a second mortgage of $2,650, and a third mortgage of $700. He had also given promissory notes to evidence the debts secured by the several mortgages. The first mortgage was fore-closed. Plaintiff held the second and third mortgages. As a creditor holding the second mortgage, plaintiff redeemed from the foreclosure sale. As a creditor holding the third mortgage, he redeemed from the redemption made by himself under the second mortgage.

Thereafter he brought this suit on the notes secured by the mortgages. At the trial he took the position that the value of the land over and above the amount paid to redeem it from the sale under the first mortgage should be applied on the notes, and that he was entitled to recover the amount of the notes, less the sum so to be applied thereon. The value of the land over and above the amount paid to redeem it from the sale was not sufficient to pay the second mortgage debt in full. Defendant took the position that plaintiff, by his redemption under the third mortgage, had paid and satisfied the debt secured by the second mortgage, and was only entitled to recover whatever balance might be found due on the debt secured by the third mortgage. The court submitted the case to the jury in accordance with plaintiff's theory, but subsequently granted a new trial on the ground that this was error, and that the redemption under the third mortgage had satisfied and discharged the debt secured by the second mortgage.

The sole question presented is whether the debt secured by the second mortgage was satisfied and discharged by the redemption under the third mortgage.

The right of a creditor to redeem from a foreclosure sale is purely statutory; and what he must do to effect a redemption and the rights acquired thereby are fixed and determined by the statute. Tinkcom v. Lewis, 21 Minn. 132; Cuilerier v. Brunelle, 37 Minn. 71, 33 N. W. 123; State v. Kerr, 51 Minn. 417, 53 N. W. 719; Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512. The statute, after providing that the senior

creditor having a lien may redeem by paying the amount for which the land was sold with interest, within five days after the expiration of the year allowed to the owner for redemption, further provides: "Each subsequent creditor having a lien in succession, according to priority of liens, within five days after the time allowed the prior lienholder, respectively, may redeem by paying the amount aforesaid and all liens prior to his own held by the person from whom redemption is made." G. S. 1913, § 8147. This statute has been before the court many times and its purpose and effect are fairly well settled. The purpose is to make the land satisfy the liens on it to as great an extent as possible, and to this end the statute provides for a sort of auction sale among creditors by giving in turn to the holder of each successive lien the right to pay off prior claims and by so doing to apply on his own claim any excess in value of the property over and above the amount so paid. Each lien stands by itself and is cut out unless redemption be made under it. If a creditor who holds two liens redeems under his senior lien and wishes to preserve and enforce his junior lien, he must also redeem under the junior lien even if it be next in line. The fact that he has redeemed under the senior lien and also holds the next junior lien gives him no other or different rights under the junior lien than would be possessed by any other creditor holding such junior lien. Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 868; Parke v. Hush, 29 Minn. 434, 13 N. W. 668; Buchanan v. Reid, 43 Minn. 172, 45 N. W. 11; Ritchie v. Ege, 58 Minn. 291, 59 N. W. 1020; Bagley v. McCarthy Brothers Co. 95 Minn. 286, 104 N. W. 7.

These decisions establish the doctrine that, in order to preserve any rights under a junior lien, the junior creditor must redeem under it from the senior creditor who made the redemption next prior in time, even if he himself be such senior creditor. He can do so or not at his option. If he elects to redeem, the statute prescribes what he must do to effect the redemption. Within a year from the date of the sale, he must give notice of his intention to redeem; and, at the time of redeeming, he must produce proof of the lien under which he makes the redemption and of the amount due thereon, and must pay the amount of the claims from which he redeems. These statutory requirements are mandatory. But, if the right to redeem under the junior lien is

held by the same creditor who redeemed under the senior lien, the redemption payment under the junior lien would be made by such creditor to himself as holder of the rights acquired by the redemption under the senior lien. Of such a situation the court has said: "We are of the opinion that it is not necessary for such creditor redeeming from himself to go through the idle ceremony of paying money to himself;" and that placing on file the documents which show that he is entitled to redeem under the junior lien and has elected to do so is sufficient to effect the redemption. Ritchie v. Ege, 58 Minn. 291, 59 N. W. 1020. But in no case has it been held that such a redemption operates to tack the debt secured by the junior lien to the debt secured by the senior lien. While the creditor need not go through a useless form, yet if he elects to and does redeem under his junior lien, such redemption operates to satisfy and discharge the debt secured by the senior lien, for the reason that the statute requires the payment of such debt, in order to effect the redemption. It follows that plaintiff by redeeming under his third mortgage satisfied and discharged the debt secured by his second mortgage.

Order affirmed.