**GRAYBOW–DANIELS COMPANY,**
Respondent,

v.

**Floyd N. PINOTTI, as Sheriff of Chisago County, Minnesota, Respondent,**

v.

**Merchants State Bank of North Branch, intervenor, Appellant.**

No. 46706.

Supreme Court of Minnesota.

June 17, 1977.

Johnson & Bloomquist, Howard F. Johnson, Timothy R. Bloomquist, Center City, Altman, Geraghty, Mulally & Weiss, Judd S. Mulally and David C. Hutchinson, St. Paul, for appellant.

Share, Evidon & Weisberg, Robert G. Share and James E. Nelson, Minneapolis, for Graybow.

Linn Slattengren, County Atty., Center City, for Pinotti.

SCOTT, Justice.

This is an appeal from a district court order granting a writ of mandamus. Graybow-Daniels Company (Graybow) brought this action for a peremptory writ of mandamus to compel the sheriff of Chisago County to accept its payment for redemption of property on which it holds a fourth mortgage. The trial court, based upon the stipulated facts submitted by the parties, granted the writ and ordered the redemption to proceed. This appeal is brought by

intervenor, Merchants State Bank (Merchants), holder of the first three mortgages on the property in question.

The facts of this case were stipulated to by Graybow and Merchants. In capsule form, they are as follows: Merchants held three mortgages on property owned by Roger and Patricia Aukema, dated August 3, 1971, February 5, 1972, and June 1, 1973. The amounts of these mortgages were $25,270, $15,000, and $4,550, respectively. Graybow held a fourth mortgage for $23,799.57 on the same property dated January 22, 1974. When the first three mortgages went into default Merchants foreclosed, and three foreclosure sales were held. On September 3, 1974, the sale under the third mortgage was held; on September 4, the sale under the second mortgage was held; and on September 5, the sale under the first mortgage was held. On September 2, 1975, Graybow filed notices of intention to redeem from each of the three sales. Merchants did not file any notices of redemption. On September 8, 1975, Graybow sought to redeem under the first mortgage sale and tendered $28,244.15 to the sheriff of Chisago County, the amount of the sale under the first mortgage plus accrued interest. The sheriff refused the tender, taking the position that the amounts due on the second and third mortgages must also be paid in order for Graybow to redeem. On the same day, Graybow also tendered payment to Merchants, but Merchants also refused to accept the tender without payment by Graybow for the second and third mortgages. Graybow began this mandamus action on September 11, 1975, seeking a writ ordering the sheriff to accept its tendered payment and to deliver a certificate of redemption. The trial court concluded that the writ must be granted, based upon the authority of several early Minnesota cases, and judgment was entered granting the writ on March 15, 1976.

The legal issue presented is whether Graybow is entitled to redemption for payment under the first mortgage sale only or whether it must make payment under the second and third sales as well.

The Minnesota statute applicable to redemptions by creditors is Minn.St. 580.24, which states:

"If no such redemption be made by the mortgagor, his personal representatives or assigns, the senior creditor having a lien, legal or equitable, upon the mortgaged premises, or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of the redemption period specified in section 580.23; and each subsequent creditor having a lien in succession, according to priority of liens, within five days after the time allowed the prior lienholder, respectively, may redeem by paying the amount aforesaid and all liens prior to his own held by the person from whom redemption is made; provided that no creditor shall be entitled to redeem unless within the period allowed for redemption he file for record notice of his intention to redeem with the county recorder of each county where the mortgage is recorded."

Merchants' position is that, since at the time Graybow sought redemption Merchants still held three liens on the Aukema property prior to that of Graybow, Graybow was required to redeem from all three foreclosure sales. Graybow asserts that by failing to file notices of intention to redeem, Merchants' liens under the second and third mortgages were extinguished, thereby requiring only redemption from the first mortgage sale.

◼ Our prior decisions under this statute favor the position taken by Graybow. *Pamperin v. Scanlan*, 28 Minn. 345, 9 N.W. 868 (1881); *Parke v. Hush*, 29 Minn. 434, 13 N.W. 668 (1882); *Moore v. Penney*, 141 Minn. 454, 170 N.W. 599, 3 A.L.R. 161 (1919). See, also, Annotation, 26 A.L.R. 435. It is not necessary to set out the complicated facts of each of these cases to discern the general rule they establish. The rule is clearly stated in *Moore*:

" * * * Each lien stands by itself and is cut out unless redemption be made under it. If a creditor who holds two

liens redeems under his senior lien and wishes to preserve and enforce his junior lien, he must also redeem under the junior lien even if it be next in line. The fact that he has redeemed under the senior lien and also holds the next junior lien gives him no other or different rights under the junior lien than would be possessed by any other creditor holding such junior lien. *Pamperin v. Scanlan*, 28 Minn. 345, 9 N.W. 868; *Parke v. Hush*, 29 Minn. 434, 13 N.W. 668; *Buchanan v. Reid*, 43 Minn. 172, 45 N.W. 11; *Ritchie v. Ege*, 58 Minn. 291, 59 N.W. 1020; *Bagley v. McCarthy Brothers Co.*, 95 Minn. 286, 104 N.W. 7.

"These decisions establish the doctrine that, in order to preserve any rights under a junior lien, the junior creditor must redeem under it from the senior creditor who made the redemption next prior in time, even if he himself be such senior creditor. He can do so or not at his option. If he elects to redeem, the statute prescribes what he must do to effect the redemption. Within a year from the date of the sale, he must give notice of his intention to redeem; and, at the time of redeeming, he must produce proof of the lien under which he makes the redemption and of the amount due thereon, and must pay the amount of the claims from which he redeems. These statutory requirements are mandatory." 141 Minn. 456, 170 N.W. 600.

We noted in *Moore,* however, that the holder of successive liens who redeems from himself need not actually pay money to himself:

"But, if the right to redeem under the junior lien is held by the same creditor who redeemed under the senior lien, the redemption payment under the junior lien would be made by such creditor to himself as holder of the rights acquired by the redemption under the senior lien. Of such a situation the court has said: 'We are of the opinion that it is not necessary for such creditor redeeming from himself to go through the idle ceremony of paying money to himself;' and that placing on file the documents which show that he is entitled to redeem under the junior lien and has elected to do so is sufficient to effect the redemption." 141 Minn. 456, 170 N.W. 600.

The statute at issue has been extant in an essentially unchanged form since 1878, hence these early cases cannot be distinguished either on the basis of a later amendment or on the basis of a revision of the statute. We therefore hold that these cases remain authoritative, and that the rule stated in *Moore v. Penney, supra,* is still the law on this subject.

■ Application of the rule to the facts of the present case is straightforward. By failing to file notices of redemption under the second and third mortgages, Merchants lost the right to demand payment of these mortgages when redemption by a third party under the first mortgage was sought. The district court properly granted the writ of mandamus ordering that redemption proceed upon tender of payment for the amount of the sale under the first mortgage.

Because we continue to hold that the redemption requirements of Minn.St. 580.24 must be strictly adhered to, it is not necessary to reach appellant's other argument regarding "implied redemption."

Affirmed.