GEORGE P. GILLIGAN V. TOWN OF GRATTAN.

FILED DECEMBER 18, 1901.    No. 10,468.

1. **Township: PAUPERS.** A township is only liable for the support of paupers when made so by statute.

2. ——: ——: NON-RESIDENT: MEDICAL SERVICES. A township is not liable for medical services rendered a non-resident pauper.

ERROR from the district court for Holt county. Tried below before KINKAID, J. *Affirmed.*

*R. R. Dickson,* for plaintiff in error.

*James J. Harrington* and *Michael F. Harrington, contra.*

NORVAL, C. J.

In January, 1897, William Postma, a non-resident of Holt county, was injured by a passenger train on the Free-mont, Elkhorn & Missouri Valley railroad in Ewing township in said county. He was brought by the railroad company to the city of O'Neill, in Grattan township, where he was taken off the cars. John P. Gilligan, a physician and surgeon, was ordered by a justice of the peace of Grattan township to render professional services to Postma at the expense of the township, which Dr. Gilligan thereupon did. This action was brought against Grattan township to recover $150, the value of the services rendered.

The single question presented is whether Grattan township is liable. Two statutory provisions are relied upon by plaintiff, one of which being section 22, chapter 18, article 4, Compiled Statutes, which declares that "the electors present at the annual town meeting shall have power * * * Eight, to direct the raising the money by taxation for the following purposes: * * * 5th. For the support of the poor within the town; Provided, that when the county board of any county shall have established a poorhouse under any statute law of this state, the' support of the poor shall be provided for by the county board, and no taxes for that purpose shall be voted by the electors at town meetings except sufficient to provide temporary relief." This section applies to counties under township organization, under which system Holt county is governed. It requires no argument to show that this case does not fall within the provisions of the section from which the foregoing excerpt is taken. Postma was not a poor person within Grattan township. He was not a resident thereof, nor were his injuries received therein, but in another township. No county, nor any subdivision thereof, is liable for the support of the poor or medical attendance bestowed thereon unless the legislature has so authorized. "Poor within the town" means paupers whose domiciles are in the town. Postma's domicile was not in

Grattan township; hence plaintiff can not invoke the provisions of said section.

Our attention is also called to section 14, chapter 67, Compiled Statutes, which reads: "Whenever any non-resident, or any other person not coming within the definition of a pauper, shall fall sick in any county in this state, not having money or property to pay his or her board, nursing, and medical aid, it shall be the duty of the overseers of the poor of the precinct where such person shall be to furnish such assistance to such person as they shall deem necessary; and if any such person shall die, said overseers shall provide all necessary means for a decent burial of such person." It is plain that there is nothing in the foregoing section that makes the defendant liable. It may be that under other sections of said chapter 67 Holt county is liable, but that question is not before us and no opinion thereon is now expressed.

The judgment is right, and is accordingly

AFFIRMED.