OTOE COUNTY, APPELLANT, V. LANCASTER COUNTY,
APPELLEE.

FILED MARCH 7, 1907.   No. 14,585.

1. Paupers: LIABILITY BETWEEN COUNTIES. The liability of one county
to another for relief furnished by the latter to a pauper charge-
able in the former is purely statutory.

2. ——: ——. In an action to enforce such liability, one fact
essential to a recovery is that the relief was furnished to a
person chargeable as a pauper.

3. ——. A person is chargeable as a pauper under the statute,
when he is without means, and unable, on account of some
bodily or mental infirmity, or other unavoidable cause, to earn
a livelihood, and has no kindred in the state liable under the
statute for his support, or whose kindred within the state are
of insufficient ability, or fail or refuse to maintain him.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed.*

*A. A. Bischof* and *T. F. Roddy,* for appellant.

*J. L. Caldwell, F. M. Tyrrell* and *C. E. Matson,* contra.

ALBERT, C.

In this case the county of Otoe sought to recover of
the county of Lancaster the amount of certain expendi-
tures made by the former in caring for an alleged pauper,
for whose support it is claimed the defendant county was
primarily liable. The case was submitted to the court
on an agreed statement of facts, and so much thereof as
bears on the questions presented by the appeal is as fol-
lows: "It is admitted by both parties that the plaintiff and
defendant are each municipal corporations existing under
the laws of the state of Nebraska as organized counties of
said state. It is further admitted on behalf of Lancaster
county that on the 5th day of March, 1904, one Harry
Wilcox, for the period of 30 days immediately preceding
the said 5th day of March, 1904, was a resident of and re-

sided in said Lancaster county, but had not during the time of his residence in Lancaster county been a pauper in Lancaster county or a public charge; that on said day he was walking from the county of Lancaster into and across the county of Otoe, and was struck by a railroad train and badly injured; that the proper authorities of the county of Otoe took the wounded man into their care, and gave him proper care and provided for his medical attendance, for nurse, and that afterwards said Harry Wilcox died and was buried by the authorities of the county of Otoe, they furnishing his coffin and attending to his funeral." Judgment was given for the defendant and the plaintiff appeals.

It is conceded, as it must be, that the liability of one county to another for the support of a pauper is purely statutory, and is based on the following sections of chapter 67, Comp. St. 1905:

"Sec. 11. Any person becoming chargeable as a pauper, in this state, shall be chargeable as such pauper in the county in which he or she resided at the commencement of the thirty days immediately preceding such person becoming so chargeable.

"Sec. 12. If any person shall become chargeable in any county in which he or she did not reside at the commencement of the thirty days immediately preceding his or her becoming so chargeable, he or she shall be duly taken care of by the proper authority of the county where he or she may be found; and it shall be the duty of the clerk of the county commissioners to send a notice by mail to the clerk of the county commissioners of the county in which such pauper resided, as before stated, that such person has become chargeable as a pauper, and requesting the authorities of said county to remove the said pauper forthwith, and to pay the expense accrued in taking care of him or her.

"Sec. 13. If said pauper, by reason of sickness or disease, or by neglect of the authorities of the county in which he or she resides, or for any other sufficient cause, cannot

be removed, then the county taking charge of such individual may sue for, and recover from the county to which said individual belongs, the amount expended for and in behalf of such pauper, and in taking care of the same."

These sections provide for the relief of persons chargeable as paupers, and for no others. It is clear, therefore, that in order to fasten a liability upon the defendant it was incumbent upon the plaintiff to show, among other things, that the person to whom it furnished the relief was chargeable as a pauper. Section 1 of the chapter cited provides that every poor person, who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy, or other unavoidable cause, shall be supported by certain designated relatives, if of sufficient ability to support him. Section 2 provides the order in which such relatives shall be liable. Section 3 is as follows: "When any such poor person shall not have any such relatives in any county in this state as are named in the preceding sections, or if such relatives shall not be of sufficient ability, or shall fail or refuse to maintain such pauper, then the said pauper shall receive such relief as his or her case may require, out of the county treasury, in the manner hereinafter provided." The term "poor person," as used in this section, is the equivalent of pauper, and includes all persons without means, who are unable on account of some bodily or mental infirmity, or other unavoidable cause, to provide for themselves. It may be said, therefore, that a person is chargeable as a pauper, under our statute, when he is without means, and unable, on account of some bodily or mental infirmity, or other unavoidable cause, to earn a livelihood, and has no kindred in the state liable under the statute for his support, or whose kindred within the state are of insufficient ability, or fail or refuse to maintain him. Tested by the definition just given the facts upon which the case was submitted are insufficient to show that the relief furnished by the plaintiff was furnished to a person chargeable as a pauper in the defendant county or in any other, for that matter,

because there is nothing to show that he was without means, or without relatives in the state, liable under the law for his support and able and willing to provide for him.

We do not wish to be understood as holding that our poor laws make provision for the relief of such persons only as fall within the above definition. Section 14 expressly provides for the relief of "any nonresident, or any other person not coming within the definition of pauper," who "shall fall sick in any county in this state, not having money or property to pay his or her board, nursing, and medical aid." Whether the county furnishing aid to such person would have recourse on the county of his residence is a question we are not called upon to decide, because the facts in this case do not bring it within that section, it not appearing that the person to whom the relief was furnished was without means to provide for his own wants. As already stated, the plaintiff is seeking to enforce a purely statutory liability, and, having failed to bring its case within the statute, a recovery was properly denied.

It is therefore recommended that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.