ROCK COUNTY, APPELLANT, V. HOLT COUNTY, APPELLEE.

FILED MARCH 21, 1907. No. 14,740.

Paupers: COUNTIES: LIABILITY. Sections 9360-9362, Ann. St., providing
for the care of nonresident paupers by the county wherein they
are found, and reimbursement therefor by the county of such
pauper's residence, apply to all counties in the state, including
counties under township organization which have not established
a poorhouse.

APPEAL from the district court for Holt county: JAMES
J. HARRINGTON, JUDGE. *Reversed.*

*J. A. Douglas,* for appellant.

*A. F. Mullen* and *E. H. Whelan, contra.*

EPPERSON, C.

Plaintiff herein filed its claim before the board of supervisors of the defendant county for expenses in caring for an alleged pauper, who became such in plaintiff county, but who was a resident of defendant county. The claim was rejected, and an appeal taken to the district court. In answer to the petition therein filed, the defendant admitted the facts set forth in the petition, and alleged as a defense that since 1887 defendant county has been under township organization, that it has never established, and at the time in controversy did not maintain, a poorhouse, and that it had not made a levy of taxes for the support of paupers. To this answer plaintiff filed a demurrer, which was overruled. Plaintiff, not desiring to plead further, stood upon the demurrer, and appeals from a judgment dismissing the case.

In counties under township organization, which have not established a poorhouse, each township shall care for its own poor found therein. Ann. St., secs. 4543, 4567. This gives the poor of such counties the right to look to the township for necessary aid. But these statutes do not

govern cases such as the one before us.  A poor person be-
coming disabled in a county other than his residence must
also have protection.   Provisions therefor are adequate.
Section 9360, Ann. St., provides: "Any person becoming
chargeable as a pauper in this state, shall be charge-
able as such pauper in the county in which he or she
resided at the commencement of the thirty days imme-
diately preceding such person becoming so chargeable."
Section 9361 provides: "If any person shall become
chargeable in any county in which he or she did not
reside at the commencement of the thirty days imme-
diately preceding his or her becoming so chargeable, he or
she shall be duly taken care of by the proper authority
of the county where he or she may be found; and it shall
be the duty of the clerk of the county commissioners to
send a notice by mail to the clerk of the county commis-
sioners of the county in which such pauper resided, as
before stated, that such person has become chargeable as
a pauper, and requesting the authorities of said county to
remove the said pauper forthwith, and to pay the expense
accrued in taking care of him or her." Section 9362 pro-
vides: "If said pauper, by reason of sickness or disease,
or by neglect of the authorities of the county in which he
or she resides, or for any other sufficient cause, cannot be
removed, then the county taking charge of such individual
may sue for, and recover from the county to which said
individual belongs, the amount expended for and in be-
half of such pauper, and in taking care of the same."

The defendant contends that the above provisions do not
apply to it; that defendant county, being under township
organization, and having never established a poorhouse,
and not having made a levy of taxes for the care of the
poor, is not liable to plaintiff for its expenditure in the
support of the pauper in question; that, being under town-
ship organization, the township, and not the county, is
liable.   There is no statute in this state providing that a
township shall be liable for its poor, who become needy
in a county other than their residence, or that the county

may recover from the township for expenses thus incurred. It has been held in this state that "a township is only liable for the support of paupers when made so by statute." *Gilligan v. Town of Grattan,* 63 Neb. 242. It follows that, if defendant is not liable, plaintiff had no redress, and the laws intended to supply assistance to the poor residents of a county while absent therefrom are rendered practically inoperative. The law providing for township organization and the protection by the township of the poor found therein did not repeal section 9360 *et sequitur,* and such provisions apply to all counties in the state, whether under township organization or not. We are of opinion that the officers of plaintiff county had the right to rely upon the provisions of this statute, and that defendant county is liable for the reasonable expense incurred and should pay the same from their general fund.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.