EMERY L. MEYERS, APPELLANT, V. FURNAS COUNTY, APPELLEE.

FILED MARCH 14, 1913.   No. 17,102.

1. **Paupers:** LIABILITY OF COUNTY. Under the provisions of section 14, ch. 67, Comp. St. 1911, if any person, not coming within the definition of a pauper, shall fall sick within any county of the state, not having money or property to pay his or her board, nursing, and medical aid, it is the duty of the overseers of the poor of the precinct where such person shall be to furnish such assistance as they shall deem necessary. This gives the overseer full authority to provide the necessary medical aid to such sick person.

2. ———: ———. Where a physician is employed by an overseer of the poor to give medical aid to a destitute person, who has fallen sick, and the service required is performed, the fact that the overseer has not made a written report of his doings thereon to the county board cannot defeat the liability of the county for the service rendered under such employment.

3. ———: ———: SUFFICIENCY OF PETITION. The averment in a petition that a person had fallen sick under such circumstances as to show her destitution and inability to provide for herself, or be provided for by others, is a sufficient allegation of the dependence upon the county, when assailed by a demurrer.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Reversed.*

*Lambé & Butler,* for appellant.

*R. J. Harper, W. S. Morlan* and *John Stevens, contra.*

REESE, C. J.

This is an appeal from a decree of the district court for

Furnas county in sustaining a general demurrer to plaintiff's petition. From a judgment dismissing the suit, plaintiff appeals.

It is alleged in the petition, in substance, that on the 23d day of May, 1908, one Bertice Overholtzer, a resident of Cambridge precinct, in said county, became sick and diseased; that it became necessary, in order to preserve her life, that she should have medical aid and attention; and that, having no money or property with which to pay for medical treatment, she was dependent upon defendant for such necessaries. The character of the malady from which it is alleged she was suffering would indicate that medical relief could not be long delayed without danger to her life. While not directly so alleged, it is inferable from the petition and briefs of counsel that Dr. Green of Beaver City, which was 30 miles distant from where the patient was sick, was the county physician. The petition alleges that the application for relief for said sick person was made to one of the members of the county board, the board not then being in session, who advised that the matter be submitted to Dr. Green for instructions; that Dr. Green refused to render medical aid, but directed, in case it was an emergency, that plaintiff, who was a physician, should render the necessary service; that the local justice of the peace, the overseer of the poor in said precinct, was seen, who made a written request to plaintiff to render and attend to the needs of Miss Overholtzer, and charge the same to the county of Furnas, and thereupon plaintiff took charge of the case, and carried it to a successful termination; that the patient was destitute, and resided in said precinct; that up to the date named her relatives and friends had been able to provide the necessary medical aid, but her means at said time became wholly exhausted, and she was entirely without funds or assistance and became dependent upon the county; that, under the directions of Dr. Green and the overseer of the poor, he performed the service. Plaintiff's claim was presented to the county commissioners and rejected, from which he ap-

pealed to the district court. By filing the demurrer, all allegations of the petition which were well pleaded were admitted, among which were that the patient was a resident of Cambridge precinct, of which the justice of the peace was the overseer of the poor; that she was sick, destitute, and needed medical attention in order that her life might be preserved; that the justice, having authority so to do under the law, employed plaintiff, on behalf of the county, to perform the service; that plaintiff performed the service, and the compensation therefor had not been paid.

We are unable to see why, under the provisions of chapter 67, Comp. St. 1911, a cause of action was not stated. Assuming, as we must, under the averments of the petition, that the justice of the peace was in the discharge of the plain duty imposed upon him by section 14 of the act, we must hold that, upon the performance of the service, a claim arose against the county for the reasonable value of the medical service rendered.

There is no averment that the justice of the peace made a written report of his action to the county board; it being alleged that his report was oral. It is claimed that the failure of the justice of the peace to make his report in writing defeated plaintiff's cause of action, if one ever existed; that the written report is made a condition precedent to the creation of a valid claim against the county. We cannot so hold. There was no obligation imposed upon plaintiff to see that the justice performed the duty required by the statute. To hold that the claim would be thereby defeated would be equivalent to saying that one person could defeat the just claim of another by simply refusing to discharge an official but later duty, having no connection with the rendition of the service. By such a course the benign purpose of the statute could be nullified, and the destitute and suffering would be left to shift for themselves or depend upon the voluntary charity of others. This the law does not contemplate.

It is argued by counsel for the county that it is not

sufficiently alleged that the patient had no relatives of sufficient ability to provide for her, or who had failed or refused so to do. It is true that the petition is not as specific on this matter as it might and probably should be, but as against a demurrer enough is stated to show the destitution of the patient and her need of immediate medical aid and assistance. A motion for a more specific statement in that behalf might have been interposed, but as against a demurrer the averment must be held sufficient.

It is also contended that the case at bar was not an emergency case under the provisions of section 14, ch. 67, Comp. St. 1911. The provision is: "Whenever any non-resident, or any other person not coming within the definition of a pauper, shall fall sick in any county in this state, not having money or property to pay his or her board, nursing, and medical aid, it shall be the duty of the overseers of the poor of the precinct where such person shall be to furnish such assistance to such person as they shall deem necessary." The averments of the petition seem to have brought the case squarely within the provisions of the section.

Other matters insisted upon are proper subjects of answer, if a defense, but cannot be disposed of upon demurrer.

The judgment of the district court is reversed and the cause is remanded to that court for further proceedings.

REVERSED.