NEWARK TOWNSHIP, APPELLANT, v. KEARNEY COUNTY, APPELLEE.

FILED DECEMBER 23, 1915. No. 18319.

Paupers: LIABILITY OF COUNTY. A resident of Kearney county became sick and destitute in Newark township, of that county. He was without property or means of any kind, but had living within the county an able-bodied, unmarried son, employed as a farm hand, and the owner of unincumbered real estate worth more than $1,000. Without calling upon the son to provide for his father, and without any authority from the county board to create an obligation against the county, plaintiff township expended money for his board and hospital fees. In an action against the county to recover the amount expended, *held* that the county is not liable.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Lewis C. Paulson,* for appellant.

*Charles A. Chappell, contra.*

MORRISSEY, C. J.

Action to recover from defendant $223 paid by plaintiff for board, nursing and hospital fees for John Peebles, a pauper. A jury was waived and the cause tried to the court, with finding and judgment in favor of defendant.

Plaintiff alleges that Peebles was a nonresident of the county. It appears to be conceded that there can be no recovery unless the pauper's nonresidence is established. A number of defenses are set out; among others, a denial of the nonresidence of Peebles; also that he had a son within the county who was liable for his support. Testimony on the question of residence was offered by each

party, but the record does not disclose what conclusion the court reached; it having entered a general finding for the defendant. On this branch of the case, the testimony shows that Peebles settled in the county at a very early day, and had a homestead there. Twenty years or more before the trial he and his wife separated. They had two children, a son and a daughter. The daughter married and removed to a distant county, but the son, with the exception of a short absence, continued to live in Kearney county. He appears to be an able-bodied farm hand, or laborer, and the owner of a small house in the city of Minden, worth more than $1,000. A part of each year his mother lived with him, and the remainder of the time she worked for wages. Peebles drifted around the country more or less, but when so minded, made his home at his son's house. A year before plaintiff furnished this assistance the old gentlemen was living at the son's house, while it appears the wife and son were away, and Hayes township, the township in which this house was located, treated him as a pauper and furnished him aid from October 19, 1910, to July 5, 1911. On the latter date he was induced to go to Iowa, which he testifies was for the purpose of making a visit. He returned to Kearney county early in December, 1911, and went into the plaintiff township, where his son was employed as a farm hand. Being sick and in destitute circumstances, the officers of the township took charge of him and expended the money for which the suit is brought.

The son testified that he owned a house in the city of Minden, and for the past three years made that his home, and that his father had been "there a short time at spells," and came and went as he pleased, and whenever he wanted to come back he did so.

The gentleman who took care of Peebles during the time he was supported by Hayes township testifies that during this period the old gentleman lived in the son's house in the city of Minden, which is the county seat of Kearney county; that the witness advised him to go to Iowa, telling

him that if he remained in Minden he might be committed to the asylum for the insane; that he furnished him the money to defray his expense and was reimbursed by Hayes township.

The old gentleman testified that he was about 73 years of age; that he went to Iowa "to make a visit;" that he had no property; that for the past five or six years "I was mostly with the boy on the place and here in Minden, and I stayed here awhile, and after I came back I was sick, you know, and I had to stay in the house; they helped me, I stayed there and batched, and they had this man come there and look after me." In answer to the question where he had lived for the last four or five years he answered: "Oh, around mostly with the boy. * * * Yes, sir; I made my home with him all the time since the last few years lately, and then I had to go to the hospital." "Q. Your home was with your son? A. Yes, sir." It is evident that he looked upon his son's house as his home. The son testified that it had been open to the father, and that he might come and go at will.

The cause was tried on the theory that, if Peebles were a resident of Kearney county, plaintiff could not recover. The testimony is sufficient to warrant the conclusion that he was a resident of that county.

The county was under the township organization, and, as a poorhouse had not been established, the justice of the peace was *ex officio* overseer of the poor. As said by Mr. Justice Cobb in *Waltham v. Town of Mullaly*, 27 Neb. 483: "The law for the government of towns in those counties where the system of township organization has been adopted is far from perfect, or comprehensive in its provisions."

Section 4543, Ann. St. 1911, provides: "The electors present at the annual town meeting shall have power * * * to direct the raising of money by taxation * * * for the support of the poor within the town; provided, that when the county board of any county shall have established a poorhouse under any statute law of this

state, the support of the poor shall be provided for by the county board, and no taxes for that purpose shall be voted by the electors at town meetings except sufficient to provide temporary relief." Sections 9750, 9751, Ann. St. 1911, make it the duty of the children, where able, to support the dependent parents.

"A person is chargeable as a pauper under the statute, when he is without means, and unable, on account of some bodily or mental infirmity, or other unavoidable cause, to earn a livelihood, and has·no kindred in the state liable under the statute for his support, or whose kindred within the state are of insufficient ability or fail or refuse to maintain him." *Otoe County v. Lancaster County,* 78 Neb. 517. This man had an able-bodied, unmarried son, 26 years of age, with unincumbered property worth over $1,000. He had constant employment, and was surely liable for the support of his father, but no demand was made upon him.

It is said in appellant's brief, although not shown in the record, that the trial court, in rendering its opinion, held that the payments made by plaintiff were voluntary, and for that reason it could not recover. As against defendant county this is certainly true. Before any obligations were incurred the county attorney was consulted by the justice of the peace, and was advised that the county would not reimburse the township. The county board was never asked to audit the ·claims of those actually caring for the old gentleman. These claims were paid by the township without a request for aid being made to the county board. A somewhat similar question was presented in *Hamilton County v. Meyers,* 23 Neb. 718, where a physician attended a nonresident pauper, and afterwards filed his claim against the county, and it was held that the county was not liable.

The record being free from error, the judgment is

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.