CUSTER TOWNSHIP, ANTELOPE COUNTY, APPELLEE, v.
BOARD OF SUPERVISORS OF ANTELOPE COUNTY,
APPELLANT.

FILED JANUARY 20, 1919.    No. 19912.

1. Paupers: PETITION: SUFFICIENCY. An averment in a petition of circumstances showing destitution and inability to procure necessaries or to have them provided by others is a sufficient allegation of dependence upon the public, under section 5797, Rev. St. 1913, when assailed by demurrer. *Meyers v. Furnas County*, 93 Neb. 313.

2. ———: SUPPORT BY TOWNSHIP. In counties under township organization in which a poorhouse has not been established, the burden of supporting the poor in the respective townships, under chapter 20, Laws 1915, devolves upon such townships.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Reversed.*

*Lyle E. Jackson*, for appellant.

*Williams & Kryger*, contra.

DEAN, J.

Antelope county is under township organization. Custer township, located therein, began this mandamus proceeding to compel the county to provide for the support of certain paupers resident in and theretofore supported by the township. The county has not established a poorhouse. A demurrer to plaintiff's petition was overruled, and, defendant electing to stand thereon, the writ was granted and defendant was required "to provide the paupers of plaintiff with support." The county appealed.

Defendant urges in support of the demurrer that the petition does not allege that the paupers in question were without relatives of sufficient ability to support them, and that the duty of supporting paupers in counties under township organization, who do not have such relatives, devolves on the township, and not on the county. Section 5797, Rev. St. 1913.

In *Meyers v. Furnas County*, 93 Neb. 313, it was held that an averment of circumstances showing destitution and inability to procure necessaries or to have them provided by others is a sufficient allegation of dependence upon the public when assailed by demurrer. The allegations in the petition come within the rule announced in the *Meyers* case.

Section 1008, Rev. St. 1913, provides: "The electors present at the annual town meeting shall have power: * * * Eight. To direct the raising of money by taxation for the following purposes: * * * 5. For the support of the poor within the town: Provided, when the county board of any county shall have established a poorhouse under any statute law of this state, the support of the poor shall be provided for by the county board, and no taxes for that purpose shall be voted by the electors at town meetings except sufficient to provide temporary relief."

That act, as a part of the township organization law, was enacted in 1895 (Laws 1895, ch. 28), and has remained substantially unchanged. Under that statute, in counties under township organization where no poorhouse has been established, the duty of supporting the poor seems clearly to devolve on the township, and not on the county. *Rock County v. Holt County*, 78 Neb. 616. The word "town" as there used evidently means "township." In *Waltham v. Town of Mullally*, 27 Neb. 483, the word "town" is frequently used for township.

Section 5798, Rev. St. 1913, as amended, Laws 1915, ch. 20, sec. 4, reads: "The county board of each county shall be the overseers of the poor and are vested with the entire and exclusive superintendence of the poor in such county, excepting in cases of corporate towns or cities to which superintendence and jurisdiction shall be by law granted: Provided, the county board may employ a physician by the year to furnish such medical service as may be required by the poor of their county, excepting in corporate towns or cities as herein provided."

If the word "towns" as used in section 5798 is construed to include "townships," then of course "townships" are excepted from the jurisdiction of the county, and the township must support the poor. But if the word "town" is construed to mean "villages," then townships would not be excepted, and so construed the section would be inconsistent with section 1008 and subsequent re-enactments, and, if inconsistent, chapter 20, Laws 1915, would be held to repeal section 1008 by implication.

It has been held that the word "town" as used in legislative acts is without fixed significance, and the legislative intent must ordinarily be gathered from the occasion and necessity of the act. 4 Words and Phrases (2d ed.) 945.

To hold that the legislature in section 5798, Rev. St. 1913, as amended, Laws 1915, ch. 20, sec. 4, by the use of the word "towns," intended thereby to limit the statute to villages instead of making it general for all self-governing municipal organizations less than a city or county and thereby make this statute inconsistent with section 1008, Rev. St. 1913, and repeal it by implication, suggests that if the legislature so intended it would have used the word "villages" instead of the word "towns." We conclude that the legislature intended to except from the jurisdiction of the county all self-governing localities that were by other statutes given jurisdiction, and so used the general word "town" that has been frequently so construed. 4 Words and Phrases (2d ed.) 945.

Section 5798, Rev. St. 1913, being an act of 1875, provided that justices of the peace should be overseers of the poor in their respective precincts in counties without township organization, and this apparently continued to be the law until the 1915 amendment. It would seem then that the purpose of the 1915 act was to confer jurisdiction over the poor in counties in which there was no township organization upon the county board instead of justices of the peace. This construction seems to make the provision of section

5798, as amended, Laws 1915, ch. 20, sec. 4, that excepts corporate towns or cities from the jurisdiction of the county boards reasonable and intelligible. We therefore conclude that, under chapter 20, Laws 1915, in counties under township organization in which a poorhouse has not been established, the burden of supporting the poor in the respective townships devolves upon such townships.

The judgment is reversed and the ·cause remanded for further proceedings in accordance with law.

REVERSED.