**Randall J. ZAHRADKA, et al., d/b/a Highland 66 Service Center, Inc., Respondents,**

v.

**STATE of Minnesota, OFFICE OF the STATE TREASURER, Michael McGrath, State Treasurer, Appellant.**

No. CX–93–2094.

Court of Appeals of Minnesota.

April 26, 1994.

Review Denied June 29, 1994.

Hubert H. Humphrey, III, Atty. Gen., Amy V. Kvalseth, Asst. Atty. Gen., St. Paul, for appellant.

John A. Cochrane, Patrick C. Smith, Cochrane & Bresnahan, P.A., St. Paul, for respondents.

Considered and decided by RANDALL, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

RANDALL, Judge.

Respondents Randall J. and Winifred E. Zahradka, d/b/a Highland 66 Service Center, Inc., litigated a property dispute with adjoining property owners, the Reilings, over property registered under the Torrens registration system. Both parties' certificates of title could be construed to include the disputed property. The Reilings were awarded ownership of the property under the doctrine of practical boundaries. This court affirmed. *In re Zahradka*, 472 N.W.2d 153 (Minn.App. 1991), *pet. for rev. denied* (Minn. Aug. 29, 1991).

Respondents then initiated this action against appellant Office of the State Treasurer, State of Minnesota, under Minn.Stat. § 508.76 (1992) for compensation for their losses due to the error in the Torrens registration. Appellant brought a motion for dismissal for failure to state a claim under Minn.R.Civ.P. 12.02(e), which the district court denied. We reverse.

## FACTS

This case originated in a property dispute between adjoining landowners, respondents and the Reilings, over ownership of a 38' by 50' property registered under the Torrens registration system, located near the southwest corner of the intersection of Randolph and Snelling Avenues in St. Paul.

The Reilings' certificate of title contained the following land description:

The South 115.64 feet of the North 255.64 feet of the East 255.64 feet of the Northeast Quarter of the Southeast Quarter of Section 9, Township 28, Range 23, except the East 50 feet for Snelling Avenue and except the Northerly 38 feet of the Easterly 150 feet thereof.

Respondents' certificate of title contained the following land description:

The Northerly 38 feet of the Easterly 200 feet of the Southerly 115.64 feet of the Northerly 255.64 feet of the Northeast Quarter of the Southeast Quarter of Section 9, Township 28, Range 23, except the Easterly 50 feet taken for Snelling Avenue.

It was undisputed in the lawsuit between respondents and the Reilings that the legal description in respondents' certificate of title "clearly and unambiguously include[d] the disputed property." *Zahradka,* 472 N.W.2d at 155. The legal description in the Reilings certificate, however, was found to be ambiguous because of the two "except" clauses. The conflict between the certificates of title was resolved through application of the doctrine of practical location of boundary lines. The resolution favored the Reilings.

In 1965, a previous owner of respondents' service station constructed a fence separating the disputed property from the service station property. Since 1970, the Reilings had used the disputed property for parking for an apartment building. Respondents had been leasing the station since 1979. On June 14, 1989, respondents purchased the service station. Respondents were issued a new certificate of title for their property, and discovered that the legal description on the certificate included the disputed property. Respondents made plans to use the disputed property as a location for a car wash, paid property taxes on the property, and initiated the earlier litigation against the Reilings. There was sufficient evidence that respondents had acquiesced in the location of the boundary and in the Reilings' use of the property, therefore the disputed property was awarded to the Reilings. *Id.* at 156.

The mistake on the certificates of title was made in 1946. The land described in both certificates was originally part of one larger tract. The City of St. Paul conveyed the land to Leo C. Goodrich. On April 18, 1946, Goodrich conveyed part of this land, that now belonging to the Reilings, to another party.

This certificate of title included the same land description as the Reilings' certificate of title. Goodrich obtained a residue certificate for the portion of the land he did not convey, that now belonging to respondents. This certificate of title included the same land description as respondents' certificate of title. Both land descriptions included the disputed property.

After the trial between respondents and the Reilings, the trial court found that: "The Registrar made a mistake by including the Disputed Property in the legal description on such residue certificate." The trial court concluded:

> That the first Parcel of land described in Certificate of Title No. 344144, issued in the name of the Zahradkas [respondents], erroneously includes the Disputed Property as a result of a mistake made by the Registrar of Titles in issuing residue certificate No. 104680 [to Goodrich].

Respondents' certificate of title was ordered revised to exclude the disputed property. Respondents then filed this action against the Office of the State Treasurer for compensation under Minn.Stat. § 508.76.

## ISSUE

Did the district court err by not granting appellant's motion to dismiss respondents' claim under Minn.Stat. § 508.76 (1992) as a matter of law?

## ANALYSIS

Evidence outside of the pleadings was presented on appellant's motion to dismiss for failure to state a claim for relief, therefore appellant's motion was treated as a summary judgment motion. *See* Minn.R.Civ.P. 12.02; *McAllister v. Independent Sch. Dist. No. 306,* 276 Minn. 549, 551, 149 N.W.2d 81, 83 (1967). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

■ Respondents claim they are entitled to compensation under Minn.Stat. § 508.76 (1992) for their loss of the disputed property

to the Reilings in the earlier litigation because of the error made by the Registrar of Titles in Ramsey County. Statutory construction is a question of law subject to de novo review on appeal. *Whetstone v. Hossfeld Mfg. Co.,* 457 N.W.2d 380, 382 (Minn. 1990).

■ Minn.Stat. § 508.76 provides:

> Any person who, without negligence on that person's part, sustains any loss or damage by reason of any omission, mistake or misfeasance of the registrar or the registrar's deputy, or of any examiner or of any court administrator, or of a deputy of the court administrator or examiner, in the performance of their respective duties under this law, and any person who, without negligence on that person's part, is wrongfully deprived of any land or of any interest therein by the registration thereof, or by reason of the registration of any other person, as the owner of such land, or by reason of any mistake, omission, or misdescription in any certificate of title, or in any entry or memorial, or by any cancellation, in the register of titles, *and who, by the provisions of this law, is precluded from bringing an action for the recovery of such land, or of any interest therein, or from enforcing any claim or lien upon the same,* may institute an action in the district court to recover compensation out of the general fund for such loss or damage.

(Emphasis added.)

■ Appellant interprets the statute to mean that because respondents were able to litigate ownership of the property with the Reilings, they have not been precluded from "bringing an action for the recovery of such land," and concludes therefore that respondents have not met the statutory requirements. We agree. We hold that Minn.Stat. § 508.76 only allows recovery when a party is precluded from bringing an action by the Torrens registration laws. For instance, this could include the situation where a party attempts to bring an action, but is dismissed out of court and barred from any further attempt to seek relief because the court, upon motion, dismissed the claim for "failure to state a claim upon which relief can be

granted." Minn.R.Civ.P. 12.02. On those facts, a party can truly say they have been precluded from bringing an action, and if they otherwise so qualify, Minn.Stat. § 508.76 provides a vehicle for relief. Here, respondents' facts are exactly the opposite. Respondents were not only not precluded from bringing an action, but were given a full and fair chance to litigate and appeal their cause. That they did not ultimately prevail in the courts does not equate to being "precluded from bringing an action." An essential underpinning of section 508.76 is that the party "is precluded from bringing an action" to recover a claimed loss. The underpinning is not that a party was allowed to try, but failed. The statute does not guarantee relief, it only guarantees a chance to make a claim against the general fund if a party was unable to litigate the claim in the first instance. Respondents were allowed to litigate; and and we cannot find that the statute allows a second chance against the general fund after a claimant's action in district court was litigated and lost.

Further, respondents did not suffer an actual loss. They were litigating to recover property which their predecessor in title never owned. According to the trial court's findings in the earlier litigation (which were affirmed on appeal), the mistake was made by including the disputed property on the certificate of title which preceded respondents' certificate of title. The disputed property *was never meant to be included on respondents' certificate of title.* The trial court had the authority to order the certificates altered to correct the mistake under Minn.Stat. § 508.71, subd. 2 (1992).[1]

In the case of *In re Estate of Koester,* 297 Minn. 387, 211 N.W.2d 778 (1973), the supreme court interpreted Minn.Stat. § 508.71:

The plain meaning of these provisions is that they are intended to prevent the unjust enrichment that otherwise would necessarily result if the purchaser of registered land obtained more land than was owned, claimed, or possessed by his predecessor in title who registered the title. No person holding a certificate of title to registered land ought to acquire title to land not intended to be purchased and conveyed, and for which no consideration was paid, solely on the ground that the basic purpose of the Torrens registration procedure precludes a challenge to the title of lands described in the certificate of registration except in cases of lack of jurisdiction or fraud. This case represents no more than a correction of an error admittedly committed during the registration proceedings. To permit defendants to maintain their registered title to the disputed tract would exploit the title registration law and would accomplish a manifest injustice. To take from plaintiffs, the heretofore unchallenged owners of the disputed tract, title to their lands would amount to senseless capitulation to the "conclusiveness" of a Torrens decree. Such a mechanical approach would sacrifice substance for the sake of form.

*Id.* at 393, 211 N.W.2d at 781–82.

In *Koester,* a mistake was made on a certificate of title in 1951. The party in whose favor the mistake was made did not make any claim to the land mistakenly included on the certificate. Title to the land was subsequently transferred to many parties, none of whom made any claim to the disputed tract until the error was discovered in 1969 in a probate proceeding. The court held that "a purchaser of a specific tract cannot enlarge the area of land purchased simply on the basis that the certificate of title erroneously

---

1. Minn.Stat. § 508.71, subd. 2 provides:
   A registered owner or other person in interest may, at any time, apply by petition to the court, upon the ground that * * * (3) any error or omission was made in entering a certificate or any memorial thereon, or * * * (7), upon any reasonable ground, that any other alteration or adjudication should be made. * * * [T]he court may order the entry of a new certificate, the entry, amendment, or cancellation of a memorial upon a certificate, or grant any other relief upon the terms, * * * as it may consider proper. The provisions of this section shall not give the court authority to open the original decree of registration, and nothing shall be done or ordered by the court which shall, impair the title or other interest of a purchaser who holds a certificate for value and in good faith, or of the purchaser's heirs or assigns without written consent of the purchaser or heirs or assigns.

includes adjoining lands." *Id.* at 393, 211 N.W.2d at 782. The court also found that the error could be corrected under Minn. Stat. § 508.71, subd. 2. *Id.; see also Nolan v. Stuebner,* 429 N.W.2d 918, 922 (Minn.App. 1988) (a court may order a certificate of title altered upon any reasonable ground, including a change needed to reflect the intent of the parties), *pet. for rev. denied* (Minn. Dec. 16, 1988).

This case is similar. Here, way back in 1946, a mistake was made by the Register of Titles by including the disputed property on respondents' certificate of title. The mistake was finally corrected in the original litigation between respondents and the Reilings. Respondents have not suffered a real loss, since the property should not have been listed on their certificate of title.

Respondents are not entitled to compensation from the general fund for the loss of property when, first, they were afforded a full opportunity in district court to litigate their claim, and second, the ultimate determination by the trial court was that the property in issue should *never* have been included on their certificate of title.

The original 1946 mistake was made by the Register of Titles, not respondents, but that does not produce a claim against the general fund for the loss of land they were never supposed to own.

## DECISION

Respondents do not meet the statutory requirements for compensation under Minn. Stat. § 508.76 because they were not precluded from bringing an action for recovery of the property.

Also, the trial court disposition shows respondents did not suffer an actual loss of property.

**Reversed.**