*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2073**

Allan D. Hauge, et al.,
Appellants,

vs.

James Schowalter, Commissioner of Management and Budget, State of Minnesota,
Respondent.

**Filed August 18, 2014
Affirmed
Smith, Judge**

Washington County District Court
File No. 82-CV-13-972

Timothy P. Brausen, St. Louis Park, Minnesota (for appellants)

Lori Swanson, Attorney General, Oliver J. Larson, Assistant Attorney General, St. Paul,
Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Halbrooks, Judge; and
Hudson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm the district court's dismissal of appellants' complaint because
appellants do not state a valid claim for compensation under Minn. Stat. § 508.76 (2012).

**FACTS**

In 1965, the Washington County Registrar of Titles recorded a land survey that later had the effect of awarding title to land, including a peninsula abutting a lake, to Mark and Mary Kay Durfee. In 1986, appellants Allan and Cecilia Hauge purchased property including title to the same peninsula. Their title did not reflect any interest in the peninsula held by others.

In July 2006, the Durfees sued the Hauges in district court for trespassing on the peninsula. The Hauges filed a counterclaim requesting reformation of the Durfees' title. The Durfees petitioned the district court to cancel the Hauges' title, and the Hauges petitioned for cancellation of the Durfees' title.

The Hauges owned their property subject to an adjustable-rate mortgage. In March 2007, after the bank began adjusting their interest rate upward, they attempted to refinance their mortgage, but their application was denied because of the pending dispute over the property lines. As a result, the Hauges experienced large increases in their monthly mortgage payments.

The Durfees sold their property to Paul and Stephanie Howe in June 2007 and the Howes were substituted as plaintiffs. The Howes moved for a temporary injunction to exclude the Hauges from the peninsula, which the district court granted in August 2007.

In January 2008, the district court granted summary judgment to the Howes, holding that the Hauges' claims were time-barred. We reversed and remanded, holding that the time-bar statute that the district court had relied on "does not apply to the filing of a registered land survey and certificate of title that is issued based on that survey" and

that "genuine issues of material fact about the ownership of the peninsula preclude summary judgment in this case." *In re Hauge*, 766 N.W.2d 50, 57 (Minn. App. 2009). In October 2011, the parties agreed to a stipulation settling their dispute in favor of the Hauges, and the district court dismissed the matters.

In July 2012, the Hauges filed a complaint in district court, alleging that they had been damaged by the registrar's "omission, mistake or malfeasance" and requesting payment of damages by respondent State of Minnesota under the Torrens Act compensation statutes. In April 2013, the state moved to dismiss for failure to state a claim upon which relief could be granted. Relying on *Zahradka v. State*, 515 N.W.2d 611, 613-14 (Minn. App. 1994), *review denied* (Minn. June 29, 1994), the district court granted the state's motion, ruling that the Hauges lacked standing to sue under the Torrens Act compensation statutes because they had not been precluded from bringing an action for recovery of their land.

### D E C I S I O N

The Hauges argue that the district court erred by interpreting Minn. Stat. § 508.76, subd. 1 as allowing only those who have been precluded from bringing an action for recovery of land to sue for recovery of damages suffered as a result of a registrar's error. They contend that the statute allows a party to sue for compensation when the party is either precluded from an action to recover land or suffers other kinds of damages resulting from a registrar's error. Although we review questions of statutory interpretation de novo, *Swenson v. Nickaboine*, 793 N.W.2d 738, 741 (Minn. 2011), we are guided in doing so by our prior interpretations of a statute, *see Riverview Muir Doran,*

*LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 172 (Minn. 2010) (interpreting the meaning of a statute in light of existing caselaw interpreting the same statute).

The statute at issue here provides:

> Any person who, without negligence on that person's part, sustains any loss or damage by reason of any omission, mistake or misfeasance of the registrar or the registrar's deputy, or of any examiner or of any court administrator, or of a deputy of the court administrator or examiner, in the performance of their respective duties under this law, and any person who, without negligence on that person's part, is wrongfully deprived of any land or of any interest therein by the registration thereof, or by reason of the registration of any other person, as the owner of such land, or by reason of any mistake, omission, or misdescription in any certificate of title, or in any entry or memorial, or by any cancellation, in the register of titles, and who, by the provisions of this law, is precluded from bringing an action for the recovery of such land, or of any interest therein, or from enforcing any claim or lien upon the same, may institute an action in the district court to recover compensation out of the general fund for such loss or damage.

Minn. Stat. § 508.76, subd. 1.

In *Zahradka*, we held that "Minn. Stat. § 508.76 *only* allows recovery when a party is precluded from bringing an action by the Torrens registration laws." 515 N.W.2d at 613 (emphasis added). We added that a claim under section 508.76 is not allowed when a party is "given a full and fair chance to litigate and appeal their cause" and that "[t]he statute does not guarantee relief, it only guarantees a chance to make a claim against the general fund *if a party was unable to litigate the claim in the first instance*." *Id.* at 614 (emphasis added).

4

Here, the Hauges were able to litigate their claim fully in their suit against the Howes and, in fact, they recovered the land that they had lost as a result of the registrar's recording of the 1965 land survey. Accordingly, they are precluded from claiming compensation under Minn. Stat. § 508.76.

Because we affirm the district court's dismissal of the Hauges' complaint on the basis of Minn. Stat. § 508.76, the state's alternative argument that the Hauges' cause of action is barred by the statute of limitations is moot.

**Affirmed.**